IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>YAVIER MOJICA-RAMOS,<br><br>**Defendant.** | **Criminal No.** 20-374 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The Court denied defendant Yavier Mojica-Ramos ("Mojica")'s motion to compel specific performance of the applicable plea agreement on February 8, 2022.  See United States v. Mojica-Ramos, Case No. 20-374, 2022 U.S. Dist. LEXIS 24475 (D.P.R. Feb 8, 2022) (Besosa, J.)  Mojica moves for the Court to reconsider this disposition.  (Docket No. 79.)  For the reasons set forth below, Mojica's motion for reconsideration is **DENIED**.

I. Background

The relevant facts are set forth in the February 8, 2022 Opinion and Order.  See Mojica-Ramos, 2022 U.S. Dist. LEXIS 24475. Essentially, Mojica contends that the United States breached the operative plea agreement by adducing additional evidence to the Court in anticipation of sentencing.  Id.  Law enforcement officers recovered this evidence from Mojica's cellular phone, including

255 images of various firearms; rounds of ammunition; a substance resembling marijuana packaged inside bulk, individual, and air-sealed bags; United States currency inside a Ziplock bag; pills inside unmarked containers; electronic scales and other drug paraphernalia. (Docket No. 55, Ex. 1.). This Court held that the United States "complied with the terms of the plea agreement," providing "no basis . . . to order any specific performance." Mojica-Ramos, 2022 U.S. Dist. LEXIS 24475, at *13. Mojica moves for reconsideration, requesting that the Court conduct an evidentiary hearing.

**I.    Motion for Reconsideration Standard**

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. See United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014) (citation omitted). The First Circuit Court of Appeals applies Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), however, to motions for reconsideration arising in the criminal context. See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying Rule 59(e) to a motion for reconsideration in a criminal case).

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930

(1st Cir. 2014) (citation omitted).  A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted).  "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court."  Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc., 322 F.R.D. 439, 441 (D.P.R. 2017) (Besosa, J.) (citations omitted).  In deciding a motion for reconsideration, the reviewing court has considerable discretion.  Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should only be exceptionally granted."  Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.)

## II. Discussion

The gravamen of Mojica's motion for reconsideration is that the cellular phone extractions "lack[] markers of reliability." (Docket No. 79 at p. 3.)  He maintains that the "facts do not support disclosure of the government's unvetted digital exhibits." Id.  Mojica does not, however, specify what, if any, "vetting" procedures are required at sentencing.

The First Circuit Court of Appeals has, however, held that "the sentencing judge may consider all relevant information that has sufficient indicia of reliability to support its probable accuracy." United States v. Gallardo-Ortiz, 666 F.3d 808, 811 (1st Cir. 2012) (citation and quotation omitted). The Federal Rules of Evidence do not apply at sentencing. United States v. Cintrón-Echautegui, 604 F.3d 1, 5 (1st Cir. 2010). This Court "has wide discretion to decide whether particular evidence is sufficiently reliable to be used at sentencing." United States v. Fuentes-Moreno, 945 F.3d 383, 396 (1st Cir. 2020) (citation and quotation omitted); see United States v. Torres-Landrúa, 783 F.3d 58, 64 (1st Cir. 2015) ("We have recognized that the district court has almost unfettered discretion in determining what information it will hear and rely upon in sentencing deliberations, and to decide not only the relevance but also the reliability of the sentencing information.") (citation and quotation omitted). Moreover, "factual findings made at sentencing must be supported by a preponderance of the evidence." United States v. Castillo-Torres, 8 F.4th 68, 71 (1st Cir. 2021).

Mojica does not dispute that his personal cellular phone contained photos and video of firearms and controlled substances. This evidence did not spontaneously appear on his device. The United States contends that the photos and video demonstrate an

"infatuation with firearms." (Docket NO. 55 at p. 3.) The following inference is supported by the evidence: Mojica saved several photos depicting firearms in his cellular phone because he does, indeed, have an affinity for firearms. This, standing alone, is not a crime or even wrongful. Many law abiding citizens have an affinity for firearms, of which the right to keep and bear is constitutionally protected. U.S. CONST. AM. II. But, given Mojica's unlawful possession of a machinegun and the facts to which he admitted in pleading guilty, it logically follows that the nature of Mojica's affinity for firearms is insidious.

Mojica cites United States v. Carrión-Meléndez, 2011 U.S. App. LEXIS 4650 (1st Cir. Feb. 22, 2022), for the proposition that "photos scattered on the storage chip of a mobile device" are unreliable. (Docket No. 79 at p.7.) This statement is incorrect. In Carrión-Melénez, the sentencing memorandum submitted by the United States included "nearly fifty pictures that [allegedly] showed [the defendant] packaging marijuana, and what appears to be cocaine, for distribution, and his disturbing penchant for high-capacity firearms and drugs." 2011 U.S. App. LEXIS, at *5 (international quotation omitted). These photos derived from the cellular phone the defendant "had in his possession when he was arrested." Id. The United States further argued that the "pictures, together with other evidence seized left no doubt that

Criminal No. 20-374(FAB)                                                6

Defendant is engaged in drug trafficking." Id.  This evidence purportedly triggered a four-level enhancement pursuant to U.S.S 2K2.1(b)(6)(B) for possession of firearms "in connection with drug trafficking." Id.  The district court applied this enhancement. Id.

The First Circuit Court of Appeals vacated the sentencing to "give the District Court the opportunity to clarify and, if appropriate, reconsider the precise basis for applying the enhancement." Id. at *13.  It did not, however, proclaim that cellular phone extractions are *per se* unreliable.  Id. at *14 (noting that there was a "surfeit of support in the record for a finding regarding [the defendant's] involvement with firearms[, but] the enhancement as applied here . . . also requires that the possession of the firearms be in connection with drug trafficking").

Mojica conflates reliability and relevance.  Reliability is "the extent to which an experience, test, or measuring procedure yields the same results on repeated trials."  Merriam-Webster Dictionary (available at https://www.merriam-webster.com/dictionary/reliability) (last visited February 25, 2022).  Relevance is the "quality, state, or condition of being relevant," referring to the "[logical connection and tendency] to prove or disprove a matter in issue." Black's Law Dictionary 1481

(10th ed. 2014).  That is, can the specific piece of evidence be trusted?  See United States v. Connolly, 51 F.3d 1, 5 (1st Cir. 1995) ("Reliable hearsay can be used at sentencing.").  Mojica may argue that the photos and video are irrelevant, that they fail to prove he has affinity for firearms, and that the photos of controlled substances are immaterial at sentencing.  The reliability question is, however, distinct.  No party disputes that the photos are not from Mojica's cellular phone.  Whether the photos were taken a week or a decade ago, the mere presence of this evidence on Mojica's cellular phone establish that he has an affinity for firearms.  Accordingly, Mojica's motion for reconsideration is **DENIED.**

**IV. Conclusion**

For the reasons set forth above, Mojica's motion for reconsideration is **DENIED.**  (Docket No. 79.)  The sentencing hearing is set for **February 28, 2022 at 10:00 AM** before the undersigned in Courtroom 2.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 25, 2022.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE